

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: | ) |
| | ) **JUDGE RICHARD L. SPEER** |
| In re Thomas I. Hanson | ) |
| | ) Case No. 06-3276 |
| Debtor(s) | ) |
| | ) (Related Case: 05-76717) |
| Patricia Kovacs, Trustee | ) |
| | ) |
| Plaintiff(s) | ) |
| | ) |
| v. | ) |
| | ) |
| Thomas I. Hanson, et al. | ) |
| | ) |
| Defendant(s) | ) |

### DECISION AND ORDER

This cause is before the Court after a Trial on the Trustee's Complaint to avoid Fraudulent Transfer under 11 U.S.C. § 544(b)(1). At the conclusion of the Trial, the Court took the matter under advisement. After now having had the opportunity to examine the arguments and evidence, the Court finds, for the reasons that follow, that the Trustee's Complaint should be Dismissed.

### FACTS

On January 30, 2004, the Debtor, Thomas I. Hanson (hereinafter "Debtor"), directly deposited his 2003 Federal Income Tax Refund of $5,612.00 (hereinafter "Income Tax Refund") into the checking account of his father, the Co-defendant, Ronald K. Hanson (hereinafter "Father"). The Debtor then filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 18, 2004.

Patricia Kovacs, Trustee v. Thomas I. Hanson
Case No. 06-3276

Thereafter, the Debtor's Chapter 7 bankruptcy was converted to a Chapter 13 bankruptcy case which was later dismissed for noncompliance with the plan.

The Debtor filed another petition for Chapter 7 relief on October 16, 2005. The Trustee then initiated this cause against the Debtor and his Father to recover the Income Tax Refund. At the Trial, however, with the Trustee's acquiescence, the Court dismissed the Trustee's complaint against the Debtor.

At the Trial the following matters were brought before the Court. The Father testified that he is a widower and that he currently collects $480.00 per month from disability benefits and $88.00 per month from a pension. The Debtor and his Father have resided together since, at least, 1997. The Father testified that he is not familiar with bankruptcy law, that his first experience with bankruptcy law occurred when his son first filed bankruptcy, and that he did not know his son intended to file bankruptcy. The Father also stated that at the time the Income Tax Refund was deposited, he and his son divided household expenses in half. He then stated that he would use checks from his checking account, which contained the Income Tax Refund, to pay the Debtor's portion of shared expenses and the Debtor's personal expenses, such as electric bills, gas bills, water bills, credit card bills, rent, taxes, and insurance premiums. (Pl. Ex. 3 & 4.).

While currently unemployed, the Debtor was previously employed loading trucks and demolishing houses, and once operated an unsuccessful vehicle detailing business. He testified at Trial that he had attended school until the tenth grade, that he had not obtained legal counsel before filing his 2004 bankruptcy petition, and that he had not understood the full legal implications that could result from the transfer of the Income Tax Refund into his Father's account. The Debtor and his Father testified that the money was transferred into the Father's checking account because the Debtor did not have his own checking account at the time, and it was more convenient and less

Page 2

Patricia Kovacs, Trustee v. Thomas I. Hanson
Case No. 06-3276

expensive for the Debtor's bills to be paid through his Father's checking account rather than by money orders or cashier's checks.

## DISCUSSION

Proceedings to determine, avoid, or recover a fraudulent transfer are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(H). Thus, this case is a core proceeding over which this Court has the jurisdictional authority to enter final orders and judgments.

The Trustee brings this action, to avoid the Debtor's transfer of his Income Tax Refund into the checking account of his Father, pursuant to 11 U.S.C. § 544(b)(1). This section provides, in relevant part, "the trustee may avoid any transfer of an interest of the debtor . . . that is voidable under applicable law by a creditor holding an unsecured claim." The effect of this provision is to confer upon the trustee the status, as of the commencement of the case, of a hypothetical creditor of the debtor, thus allowing the trustee to exercise those rights held by such creditor under applicable nonbankruptcy law. Utilizing Ohio law, the Trustee's complaint cites to §§ 1336.04(A)(1), 1336.04(A)(2) and 1336.05(A) of the Ohio Revised Code.

For fraudulent transfer actions brought under Ohio law, the party "seeking to avoid a transfer carries the burden of proving" their cause "by a preponderance of the evidence."[1] *In re Wilkinson*, 196 Fed.Appx. 337, 341 (6th Cir. 2006). For this burden, the Trustee focused her arguments and

---

[1] Preponderance of the evidence is the standard of proof required in fraudulent transfer actions under the Bankruptcy Code, and in most civil lawsuits. There is, however, also authority stating that under Ohio law, an action to set aside a transfer based on actual fraud requires the moving party to prove each element by clear and convincing evidence. *U.S. v. Berman*, 884 F.2d 916 (6th Cir. 1989). However, this discussion will not address the appropriate standard of proof as a determination thereof has no bearing on this Court's final decision.

Page 3

Patricia Kovacs, Trustee v. Thomas I. Hanson
Case No. 06-3276

questions upon § 1336.04(A)(1), and therefore, this discussion will begin with the applicability of this provision.

Section 1336.04(A)(1) states, in relevant part, that "[a] transfer made . . . by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." According to its plain language, this provision requires proof of actual intent. A "[d]etermination of actual intent requires subjective evaluation of debtor's motive." *In re Gabor*, 280 B.R. 149, 157 (Bankr. N.D.Ohio 2002). But as it is impossible to peer into the thoughts of a debtor, actual intent is often found through circumstantial evidence.

In assessing the evidence, the Ohio Revised Code provides guidance, instructing the finder-of-fact to consider "all relevant factors" including whether: (1) the transfer was to an insider; (2) the debtor retained control or possession of the property after the transfer; (3) the transfer was disclosed; (4) the transfer was of substantially all of the debtor's assets; (5) the debtor was insolvent; and (6) the value of the consideration received was reasonably equivalent to the value of the asset transferred. O.R.C. § 1336.04(B)(1)-(9). These factors are commonly known as "badges of fraud."

The evidence before the Court shows the existence of many of the above "badges of fraud." As it regards the first consideration, the Father is necessarily an insider; the Ohio Revised Code defines an insider as a "relative of the debtor." O.R.C. § 1336.01(G)(2). Additionally, both the Debtor and his Father admitted in their testimony that the Debtor directed how the funds from the Income Tax Refund were dispersed, ostensibly satisfying the "control" aspect for the second badge. Showing the existence of the third badge of fraud, the facts of this case reveal that the Debtor did not initially disclose his Income Tax Refund in his first bankruptcy petition. For the fourth badge of fraud, the evidence shows that, at the particular time, the $5,612.00 Tax Refund comprised

Page 4

substantially all of the Debtor's assets. Finally, in line with the fifth badge of fraud, the Debtor admitted that he was insolvent at the time of the transfer. For this purpose, insolvency is defined as the condition where " . . . the sum of the debts of the debtor is greater than all of the assets of the debtor at a fair valuation." O.R.C. § 1336.02 (A)(1)-(2). In his 2004 Bankruptcy Petition, the Debtor listed $27,555.25 in debts and $1,850.00 in assets. However, despite the existence of these five indicia, the Court finds that there is not sufficient evidence to sustain the Trustee's cause of action under the actual intent provision, § 1336.04(A)(1).

As it regards the last of the above badges of fraud, the Sixth Circuit Court of Appeals has found that a lack of consideration of reasonably equivalent value is key. In fact, "[a] transfer made for fair consideration is fatal to a cause of action under §§ 1336.04-1336.06 . . . " of the Ohio Revised Code. *In re Valley-Vulcan Mold Co.*, 5 Fed. Appx. 396, 397 (6th Cir. 2001). This is a two step analysis. First, it must be determined if value was given. Second, if it is determined that value was given, the question then asked is whether the value was reasonably equivalent?

In the context of an action to avoid a fraudulent transfer, Ohio law states that "[v]alue is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied . . . " O.R.C. § 1336.03(A). The Father's satisfaction of debts belonging to the Debtor qualifies as "value" under this definition as "[i]t is well settled that . . . value can come from one other than the recipient of the payments." *In re Wilkinson,* 196 Fed.Appx. 337 at 342 (6th Cir. 2006). Also, "[v]alue can be in the form of either a direct economic benefit or an indirect economic benefit." *In re Wilkinson,* 196 Fed.Appx. 337 at 342 (6th Cir. 2006). Here, an indirect economic benefit was obviously realized. The Father's satisfaction of debts belonging to the Debtor, by using the Debtor's funds in his checking account, decreased the amount of debt owed by the Debtor. Therefore, value was transferred. Such value realized in the transfer was also reasonably equivalent.

Patricia Kovacs, Trustee v. Thomas I. Hanson
Case No. 06-3276

The Sixth Circuit has provided guidance as to whether value given is reasonably equivalent in fraudulent transfer cases. In a recent case, the Court found that if the debtor's debt is reduced by the same amount paid, there is an exchange of reasonably equivalent value, and the transfer is not fraudulent. *In re Wilkinson,* 196 Fed.Appx. 337 at 344 (6th Cir. 2006). The Court also instructed the finder-of-fact that "the focus should be on the overall effect on the debtor's net worth after the transfer." *Id* at 344.

Net worth, within this context, is the sum of the debtor's assets minus the sum of the debtor's liabilities. A transfer that alters the amount of the debtor's assets and/or liabilities, while not altering net worth, is a transfer for reasonably equivalent value. For example, if a debtor has $10,000.00 in assets and $10,000.00 in liabilities, his net worth would be zero. But if he paid his debt with his available assets, his net worth would not change. Similarly, if the Debtor had a car worth $10,000.00 and he sold it for $10,000.00, his net worth would, once again, not change, as the sum of his assets would have remained constant.

The facts of this case align with these examples and the holding of the Sixth Circuit in *In re Wilkinson*. The Debtor and his Father testified that all of the Income Tax Refund was used by the Father to pay the Debtor's expenses, and the Trustee neither impeached this testimony nor presented evidence of the contrary. As the Debtor's debts were reduced by the same amount he paid, his net assets decreased by the same amount as his net liabilities, and therefore his net worth remained the same. Accordingly, by definition there was an exchange of reasonably equivalent value which thereby prevents a finding that the exchange was a fraudulent transfer for purposes of § 1336.04(A)(1).

Two further matters also demonstrate a lack of any intent to defraud. First, the Debtor did not retain possession of the Income Tax Refund and instead used it to pay legitimate creditors. The

Page 6

Patricia Kovacs, Trustee v. Thomas I. Hanson
Case No. 06-3276

payment of legitimate creditors, being inapposite to the underlying concept of a fraudulent transfer, strongly negates an intent to defraud. Second, the educational and vocation profiles of the Debtor and his Father demonstrate a lack of sophistication pertaining to bankruptcy law. To this end, the testimony of the Debtor and his Father show that they were unfamiliar with the possible legal ramifications of the prepetition transfer of funds. The Debtor also did not retain legal counsel before filing bankruptcy. These factors, *in toto*, suggest that the Debtor and his Father, as opposed to any fraudulent conduct, simply agreed to a convenient financial arrangement without understanding the potential legal ramifications.

In summary, the preponderance of the evidence demonstrates that § 1336.04(A)(1) is inapplicable. First, an exchange of reasonably equivalent value took place between the Debtor, his Father, and the Debtor's creditors. Second, the Debtor's Income Tax Refund was used to pay creditors, which strongly negates any actual intent to defraud his creditors. Third, the Debtor's overall situation supports his assertion that he did not know that transferring his Income Tax Refund would create a legal problem. Therefore, the Court finds that the transfer of the Income Tax Refund was not fraudulent under the actual intent provision contained in O.R.C. § 1336.04 (A)(1).

Although not focused upon at Trial, the Trustee's complaint also alleged that the transfer of the Income Tax Refund may be avoided under the constructive fraud provisions of the Ohio Revised Code: § 1336.04(A)(2)(b), which applies to prepetition and postpetition creditors; and § 1336.05(A), which applies only to prepetition creditors. However, neither of these provisions are applicable because they both require an element which has already been found to be missing: the lack of an exchange of reasonably equivalent value.

Page 7

Patricia Kovacs, Trustee v. Thomas I. Hanson
Case No. 06-3276

    In reaching the conclusions found herein, the Court has considered all of the evidence, and arguments of counsel, regardless of whether or not they are specifically referred to herein.

    Accordingly, it is

    **ORDERED** that the Complaint of the Plaintiff/Trustee, Patricia Kovacs, be, and is hereby, DISMISSED.

Dated: August 1, 2007

/s/ Richard L. Speer
Richard L. Speer
United States
Bankruptcy Judge

Page 8

# CERTIFICATE OF SERVICE

Copies were mailed this 1st day of August, 2007 to:

Ronald K. Hanson
521 Pennsylvania Avenue
Morgantown, WV 26501-6007

Thomas I Hanson
4039 US Highway 6
Vickery, OH 43464-9776

Donald R. Harris
158 E. Market St, #302b
Sandusky, OH 44870

Patricia A Kovacs
500 Madison Ave, #525
Toledo, OH 43604

                                                /s/Diana Hernandez
                                            Deputy Clerk, U.S. Bankruptcy Court